UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DEMPSEY LEE MALLOY | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-164 |
| | ) | |
| MAYOR PETE PADUCH, *et al.* | ) | |

**MEMORANDUM and ORDER**

Dempsey Lee Malloy, a pretrial detainee in the Washington County Detention Center (WCDC), brings this *pro se* civil rights case under 42 U.S.C. § 1983, alleging that he is being denied medical care. The plaintiff is **ASSESSED** the civil filing fee of $150.00 under 28 U.S.C. § 1915.[1] Pursuant to 28 U.S.C. § 1915 (b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

  (a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account;

  or

---

[1] The filing fee was increased to $250 on February 7, 2005. The plaintiff is being assessed the old filing fee since he filed this case before the increase.

>   (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $150.00 has been paid to the Clerk's Office.[2] *McGore v. Wrig-glesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the facility where the plaintiff is imprisoned, to ensure compliance with the above fee-assessment procedures.

The plaintiff alleges, in his complaint, that he has a brain tumor; that a defendant nurse at the WCDC who was not "medically authorized" cut into his scalp, near the tumor, causing him great pain; that, some four months later, the plaintiff was taken to the Johnson City Eye, Ear, and Throat Clinic, where tests were performed and a determination made that he needed immediate surgery; that he was scheduled for surgery; and that his surgery was cancelled for financial

---

[2] Send the payments to: Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

reasons.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies. *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). A prisoner bears the burden of showing exhaustion of administrative remedies. *Id.,* at 1104. The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).

The plaintiff has offered no allegations whatsoever to show that he has exhausted his administrative remedies.[3] Accordingly, because the plaintiff has the burden of showing that he has exhausted his administrative remedies with respect to the claims raised in his § 1983 complaint and because he has failed to carry his burden in this instance, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

---

[3] Noticing that the standardized complaint form used by the plaintiff to file his § 1983 action did not contain the necessary information concerning exhaustion of administrative remedies, an employee in the Clerk's Office mailed the plaintiff a new complaint form. In an accompanying letter, the court employee informed the plaintiff about the missing information and asked that he complete the new form complaint and return it to the Court. (Letter of July 8, 2005, left side of file.) Nothing has been heard from the plaintiff.

3

A separate order will enter.

ENTER:

      s/Thomas Gray Hull
      THOMAS GRAY HULL
        SENIOR U. S. DISTRICT JUDGE

4